**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4660**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO NATHANIEL DAVENPORT, JR., a/k/a Li'l Tony,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00463-WO-1)

─────────────

Submitted:  October 31, 2024                    Decided:  February 5, 2025

─────────────

Before AGEE, THACKER, and RUSHING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Nathaniel Davenport, Jr., was convicted after a jury trial of commission of a violent crime in aid of racketeering ("VICAR")—namely, the murder and aiding and abetting of the murder of a person violating North Carolina state law—in violation of 18 U.S.C. §§ 2, 1959(a)(1) (count 1); carrying and discharging firearms during and in relation to the crime of violence alleged in count 1, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (count 2); and carrying and discharging firearms during and in relation to the crime of violence alleged in count 1 that caused the death of a person through use of the firearms, in violation of 18 U.S.C. §§ 2, 924(j)(1) (count 3). The district court sentenced Davenport to concurrent terms of life imprisonment on each of counts 1 and 3, a consecutive 120-month prison term on count 2, and concurrent supervised release terms of 5 years. On appeal, Davenport challenges his convictions and sentences, arguing that the district court erred in denying his motion to dismiss the indictment, failing to give his proposed instruction on reasonable doubt, denying his Fed. R. Crim. P. 29 motions for a judgment of acquittal, and applying an enhancement to his offense level under U.S. Sentencing Guidelines Manual § 3C1.1 for obstruction of justice. We affirm.

This court reviews de novo whether an indictment properly charged an offense. *United States v. Wiley*, 93 F.4th 619, 627 (4th Cir.), *cert. denied*, 144 S. Ct. 2648 (2024). Davenport argues that, because the indictment did not set forth the elements of the VICAR predicate of murder or the theory on which the Government was proceeding to prove murder under North Carolina state law, it contravened the Fifth and Sixth Amendments and should have been dismissed.

2

"When a criminal defendant challenges the sufficiency of an indictment prior to the verdict, [this court] appl[ies] a heightened scrutiny to ensure that every essential element of an offense has been charged." *United States v. Barringer*, 25 F.4th 239, 246 (4th Cir. 2022) (internal quotation marks and ellipsis omitted). "An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *Id.* at 246-47 (internal quotation marks and alteration omitted). "The indictment must also contain a statement of the essential facts constituting the offense charged." *Id.* at 247 (internal quotation marks and alterations omitted).

Davenport was charged with commission of a VICAR based on the underlying predicate of murder and aiding and abetting murder in violation of North Carolina state law. To sustain a VICAR conviction under 18 U.S.C. § 1959, the Government must prove that:

> (1) there was a RICO[, *i.e.*, a Racketeer Influenced and Corrupt Organizations Act] enterprise; (2) it "was engaged in racketeering activity as defined in RICO;" (3) "the defendant in question had a position in the enterprise;" (4) "the defendant committed the alleged crime of violence;" and (5) "his general purpose in so doing was to maintain or increase his position in the enterprise."

*United States v. Zelaya*, 908 F.3d 920, 926-27 (4th Cir. 2018) (quoting *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994)). Murder "in violation of the laws of any State or the United States" qualifies as a VICAR predicate. 18 U.S.C. § 1959(a). Under VICAR, the Government must prove as an element that the defendant committed the underlying crime of violence. Proving this element entails proving the elements of the predicate crime,

3

but the elements of the predicate are not themselves elements of VICAR, *cf. Fiel*, 35 F.3d at 1003, and they thus need not appear in the indictment. This court has held that an indictment charging a VICAR conspiracy offense need not identify the specific state statute that serves as the predicate, *United States v. Martinez*, 136 F.3d 972, 978 (4th Cir. 1998), and, given that an indictment is not deficient for failing to identify the predicate state-law crime of violence, it follows that it is not deficient for failing to list each element of the predicate under state law. Davenport has not suggested that the indictment in his case does not contain enough factual detail to inform him of the charges against him as required by the Constitution, and the indictment's failure to specify the elements of or prosecution theory undergirding murder and aiding and abetting murder under North Carolina state law does not, we conclude, render it defective.

Turning to Davenport's argument that the district court erred by failing to give his requested jury instruction, this court reviews that decision for abuse of discretion, "reversing only if the proposed instruction (1) was correct, (2) was not substantially covered by the charge that the court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction seriously impaired the defendant's defense." *United States v. Sanders*, 107 F.4th 234, 259 (4th Cir. 2024) (internal quotation marks omitted).

Before the district court instructed the jury, Davenport requested that it issue his proposed instruction defining reasonable doubt under North Carolina state law with respect

4

to the elements of murder.[*] The district court declined to give this instruction but instructed the jury several times that Davenport's guilt on all three counts—and on the underlying crime of murder—had to be proven beyond a reasonable doubt. Davenport contends that the district court should have given his proposed instruction on reasonable doubt that correctly stated North Carolina state law because the instruction was required for a murder conviction, and any lesser quantum of proof would not violate state law and thus not violate 18 U.S.C. § 1959(a)(1). He also contends that the district court's determination that it had no discretion to give the proposed instruction on reasonable doubt "overstated" this court's precedent. We disagree.

In *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998), this court explained that a federal district court "is not required to define reasonable doubt as a matter of course so long as the jury is instructed that a defendant's guilt must be proven beyond a reasonable doubt; the Constitution does not obligate a court to further define the standard." "*Williams* remains good law" and forecloses Davenport's argument. *United States v. Watkins*, 111 F.4th 300, 313 (4th Cir. 2024). We also reject as without merit his assertion that North Carolina's definition of reasonable doubt amounts to a "substantive" right, the denial of which amounts to "structural error" here.

Davenport also challenges the district court's denial of his Rule 29 motions for a judgment of acquittal, arguing that the evidence was insufficient to show he murdered the

---

[*] Davenport requested that the district court instruct the jury that, for the elements of murder, proof beyond a reasonable doubt "is proof that fully satisfies or entirely convinces you of the Defendant's guilt of murder."

5

victim.  This court reviews the district court's denial of a Rule 29 motion for a judgment of acquittal de novo.  *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023).  In conducting this review, this court "view[s] the evidence in the light most favorable to the prosecution and decide[s] whether substantial evidence supports the verdict."  *Id.* (internal quotation marks and ellipsis omitted).  "Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt."  *Id.* (internal quotation marks omitted). In assessing whether substantial evidence is present, this court is "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor."  *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted).  Defendants "bear a heavy burden" under this standard.  *Smith*, 54 F.4th at 766 (internal quotation marks omitted).

We conclude that the evidence was sufficient to show that Davenport murdered the victim in light of the testimony from the Government's primary witness against him on this point, Dival Magwood.  Although Davenport criticizes the reliability of Magwood's testimony and highlights what he claims are conflicts in his testimony and prior instances of his false statements given to law enforcement, it is the jury, not this court, that weighs the credibility of the evidence and resolves any conflicts in the evidence presented.  *United States v. Caldwell*, 7 F.4th 191, 209 (4th Cir. 2021).  Here, the jury heard from Magwood, Davenport, and the many other witnesses who testified, and it could assess the credibility of the testimony given by each one.  Because we decline to second-guess the jury's

6

determination, *Robinson*, 55 F.4th at 404, Davenport's reliability and credibility challenges do not entitle him to relief on appeal.

Finally, Davenport argues that the district court improperly enhanced his offense level under the Sentencing Guidelines for obstruction of justice. In reviewing whether a district court properly calculated a defendant's Guidelines' range and sentence, including its application of a sentencing enhancement, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018); *see United States v. Andrews*, 808 F.3d 964, 966 (4th Cir. 2015) (reviewing application of obstruction of justice enhancement). Under the clear error standard, this court will not reverse a district court's findings simply because it would have reached a different result; instead, it will only reverse if "left with the definite and firm conviction that a mistake has been committed." *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019) (internal quotation marks omitted).

When an enhancement under USSG § 3C1.1 for obstruction of justice is based on a defendant's perjurious testimony, a district court's "findings should encompass the factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *Andrews*, 808 F.3d at 969 (internal quotation marks omitted); *see United States v. Dunnigan*, 507 U.S. 87, 95 (1993). And when "a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish" these elements. *Dunnigan*, 507 U.S. at 95. A district court may satisfy this

7

requirement by making "a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Id.*

Here, the district court cited the instances of false testimony Davenport delivered at trial and found that testimony was given with willful intent to deceive and concerned the material matter of whether he participated in the victim's murder. Davenport argues that it was error for the court to apply the enhancement because he testified at trial consistent with his understanding of the events occurring on the day of the victim's murder. But Davenport's testimony that he told others in the vehicle in which he was traveling not to shoot into the vehicle in which the victim was present and denying he shot into the vehicle in which the victim was present was contradicted by Magwood's testimony and other evidence adduced. We thus discern no clear error in the district court's determinations that Davenport willfully gave false testimony at trial.

Accordingly, we affirm the criminal judgment. We deny Davenport's motion to extend the time for filing a reply brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8